**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff Evgeniy Gubanov*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENIY GUBANOV,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF PLACER, DEPUTY STANISLAV SEMENUK; DEPUTY DUSTIN KIMBALL; and DOE 1–10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>Federal Claims</u> (42 U.S.C. § 1983)<br>1. Fourth Amendment: Excessive Force<br>2. *Monell* Liability: Custom, Practice, or Policy<br>3. *Monell* Liability: Failure to Train<br>4. *Monell* Liability: Ratification<br><br><u>State Claims</u><br>5. Battery;<br>6. Negligence;<br>7. Violation of the Bane Act (Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

.

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiff EVGENIY GUBANOV for his Complaint against Defendants COUNTY OF PLACER, DEPUTY STANISLAV SEMENUK; DEPUTY DUSTIN KIMBALL; and DOES 1–10 alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and violations of state law in connection with the June 10, 2024 arrest of Plaintiff, EVGENIY GUBANOV.

## THE PARTIES

2. Plaintiff EVGENIY GUBANOV is an individual residing in the County of Placer, and at all relevant times, he was an individual residing in the County of Placer.

3. At all relevant times, Defendant COUNTY OF PLACER ("COUNTY") was and is a public entity existing under the laws of the State of California, with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Placer County Sheriff's Office and its agents and employees. At all relevant times, Defendant COUNTY was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the Placer County Sheriff's Office and its employees and agents complied with the laws of the United States and of the State of California. COUNTY was the employer of Defendants SEMENUK, KIMBALL, and DOES 1–10.

4. Defendant PLACER COUNTY SHERIFF'S OFFICE is a department of Defendant COUNTY OF PLACER.

5. Defendants STANISLAV SEMENUK, DUSTIN KIMBALL, and DOES 1–10 ("DOE DEPUTIES") are and were at the time of the incident

deputies employed by the Placer County Sheriff's Office. At all relevant times, SEMENUK, KIMBALL, and DOE DEPUTIES were acting under color of state law within the course and scope of their employment as law enforcement officers for the Placer County Sheriff's Office. At all relevant times, these Defendants were acting with the complete authority, approval, and ratification of their employer, Defendant COUNTY.

6. On information and belief, SEMENUK, KIMBALL, and DOES 1–10 were residents of the State of California and of the Eastern District of California.

7. On or about December 12, 2024, Plaintiff filed timely claims for damages with the COUNTY OF PLACER pursuant to applicable provisions of the California Government Code. Plaintiff's claim was rejected on February 5, 2025.

**JURISDICTION AND VENUE**

8. The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. On or about June 10, 2024, Plaintiff EVGENIY GUBANOV was involved in a vehicle pursuit. After his car became disabled, he proceeded to

hide behind a small bush near 4301 Madison Avenue in Placer County, California.

11. Shortly after the deputies located him, he left the cover of the bush and started moving away from them.

12. But he quickly gave up, stopped and put his hands up.

13. He was visibly unarmed and clearly surrendering.

14. Defendant STANISLAV SEMENUK deployed his K9 partner Ronin on Plaintiff without justification, causing the dog to bite Plaintiff multiple times, including on the right upper arm, stomach, and right hip.

15. Defendant SEMENUK shoved Plaintiff from behind, and multiple deputies, including Defendants SEMENUK, KIMBALL and DOES 1–10, struck Plaintiff repeatedly in the body, delivering what they described as "kidney shots," despite Plaintiff being unarmed, not actively resisting, and not posing any threat.

16. While they struck him, the K9 continued to bite him.

17. At no time during the incident did Plaintiff GUBANOV verbally threaten or attempt to harm the deputies.

18. Plaintiff sustained serious injuries requiring emergency medical transport and treatment, including deep dog bite wounds and injuries from the physical strikes by the deputies.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

(Against SEMENUK, KIMBALL, and DOES 1–10)

19. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

20. Defendants SEMENUK, KIMBALL, and DOES 1–10 acted within the course and scope of their employment as deputies for the Placer

County Sheriff's Office and acted under color of state law.

21. The Fourth Amendment to the United States Constitution, as applied to state actors through the Fourteenth Amendment, guarantees every person the right to be free from the use of excessive force by law enforcement officers.

22. Defendant SEMENUK used excessive force against Plaintiff when he deployed his K9 partner Ronin to bite Plaintiff multiple times, despite Plaintiff being unarmed, non-threatening, and not actively resisting.

23. Defendant SEMENUK further used excessive force by shoving Plaintiff to the ground from behind while the K9 was actively biting him.

24. Defendants SEMENUK, KIMBALL and DOES 1–10 also used excessive force against Plaintiff by striking him in the body while he was on the ground and not actively resisting, including delivering "kidney shots" to his torso.

25. At no time did Plaintiff pose an immediate threat to the safety of any officer or other person, and at the time deputies used force, Plaintiff was not attempting to flee, actively resist, or evade arrest.

26. The force used by Defendants was excessive and unreasonable under the circumstances and violated clearly established constitutional rights.

27. As a direct and proximate result of Defendants' actions, Plaintiff suffered serious physical injuries, pain, emotional distress, and other damages.

28. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of income.

29. Plaintiff also seeks attorneys' fees and costs under this claim.

**SECOND CLAIM FOR RELIEF**

Municipal Liability –

**Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(Against COUNTY)

30. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

31. Defendants SEMENUK, KIMBALL, and DOES 1–10 acted under color of state law and in the course and scope of their employment with the Placer County Sheriff's Office.

32. The acts and omissions of these individual Defendants deprived Plaintiff of his rights under the United States Constitution.

33. Upon information and belief, the actions of Defendants were undertaken pursuant to a policy, custom, or longstanding practice of Defendant COUNTY OF PLACER.

34. Upon information and belief, COUNTY failed to discipline or retrain SEMENUK, KIMBALL, or other involved deputies following the incident.

35. Defendant COUNTY maintained policies, customs, or practices that, among other things:

    (a) Permitted or encouraged the use of excessive force;

    (b) Failed to adequately supervise or discipline deputies; and

    (c) Allowed unconstitutional uses of force to go undetected or unaddressed.

36. COUNTY had actual or constructive knowledge of these customs, practices, and policies but failed to take adequate steps to prevent foreseeable constitutional violations.

37. COUNTY acted with deliberate indifference to the rights of

6
COMPLAINT FOR DAMAGES

individuals such as Plaintiff.

38. By reason of the foregoing, Plaintiff suffered physical injury, pain, emotional distress, and loss of enjoyment of life.

39. Plaintiff seeks compensatory damages under 42 U.S.C. § 1983.

40. Plaintiff also seeks attorneys' fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(Against COUNTY)

41. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. SEMENUK, KIMBALL, and DOES 1–10 acted under color of state law and in the course and scope of their employment as deputies for the Placer County Sheriff's Office.

43. The acts and omissions of these individual Defendants deprived Plaintiff of his rights under the United States Constitution.

44. Upon information and belief, COUNTY failed to properly and adequately train its deputies in the lawful use of force, including:

(a) the proper and lawful deployment of police K9s, including limitations on using dogs against unarmed, non-threatening individuals;

(b) the dangers and unconstitutionality of using deliberate, targeted body strikes—such as "kidney shots"—against individuals who are not actively resisting or posing a threat;

(c) the use of de-escalation techniques and force alternatives; and

(d) the need to recognize and avoid excessive or punitive uses of force during custodial detention.

45. The failure to train was the moving force behind the

constitutional violations committed against Plaintiff.

46. COUNTY acted with deliberate indifference to the foreseeable risk that its failure to train would lead to the use of excessive force.

47. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of income.

48. Plaintiff also seeks attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against COUNTY)

49. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. SEMENUK, KIMBALL, and DOES 1–10 acted under color of state law and in the course and scope of their employment as deputies for the Placer County Sheriff's Office.

51. The acts and omissions of these Defendants deprived Plaintiff of his rights under the United States Constitution.

52. Upon information and belief, a final policymaker for COUNTY reviewed the conduct of the involved deputies and approved or ratified it, either explicitly or by failing to take corrective action.

53. Upon information and belief, COUNTY has a history of approving or failing to address excessive uses of force by its deputies.

54. This ratification was a moving force behind the violations of Plaintiff's constitutional rights.

55. As a result of the foregoing, Plaintiff suffered physical injury, pain, emotional distress, and other damages.

56. Plaintiff seeks compensatory damages under 42 U.S.C. § 1983.

57. Plaintiff also seeks attorneys' fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Against all Defendants)

58. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. Defendants SEMENUK, KIMBALL, and DOES 1–10 acted within the course and scope of their employment as law enforcement officers for the Placer County Sheriff's Office.

60. SEMENUK intentionally deployed a police K9 on Plaintiff without justification, and the K9 bit Plaintiff multiple times. SEMENUK then shoved Plaintiff to the ground, and deputies, including SEMENUK, KIMBALL and DOES 1–10, struck Plaintiff while he was being bitten and not actively resisting.

61. Defendants had no legal justification for using such force, and their use of force was unreasonable under the circumstances.

62. Defendant COUNTY OF PLACER is vicariously liable for the wrongful acts of its deputies pursuant to California Government Code § 815.2.

63. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress, and past and future loss of income.

64. Plaintiff also seeks attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Against all Defendants)

65. Plaintiff repeats and realleges each and every allegation in the

foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66. SEMENUK, KIMBALL, and DOES 1–10 acted within the course and scope of their employment as deputies for the Placer County Sheriff's Office.

67. Law enforcement officers in California have a duty to use reasonable care to avoid causing unnecessary harm, including using de-escalation tactics, and using only necessary and proportionate force.

68. Defendants breached their duty of care through negligent and unreasonable conduct, including but not limited to:

    (a) deploying a K9 against a non-threatening, unarmed individual;

    (b) using unnecessary physical force while Plaintiff was on the ground and not actively resisting.

69. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe physical pain, emotional distress, and loss of enjoyment of life due to permanent injuries.

70. At all relevant times, Plaintiff did not pose an immediate threat and was not actively resisting or evading arrest.

71. COUNTY OF PLACER is vicariously liable for the wrongful acts of its deputies under California Government Code § 815.2(a).

72. Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress, and past and future loss of income.

73. Plaintiff also seeks attorneys' fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

**Violation of Cal. Civil Code § 52.1**

(Against all Defendants)

74. Plaintiff repeats and realleges each and every allegation in the

foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75. Defendants SEMENUK, KIMBALL, and DOES 1–10 acted within the course and scope of their employment as deputies for the Placer County Sheriff's Office.

76. California Civil Code § 52.1 (the Bane Act) prohibits interference or attempted interference with an individual's rights under the U.S. or California Constitution through threats, intimidation, or coercion.

77. Defendants intentionally used excessive force against Plaintiff—including a K9 attack and physical strikes—despite Plaintiff not posing any threat, in violation of his rights under the Fourth Amendment and California law.

78. They demonstrated a reckless disregard for Plaintiff's right to be free from excessive force.

79. They intentionally and spitefully committed the above acts to discourage Plaintiff from exercising his civil rights.

80. Plaintiff reasonably believed the force used against him was intended to deter or punish him for exercising his rights or to prevent him from asserting those rights.

81. As a result, Plaintiff suffered physical injury, pain, and emotional distress.

82. Defendant COUNTY OF PLACER is vicariously liable for the acts of its deputies under Government Code § 815.2 and California law.

83. Plaintiff seeks damages, attorneys' fees, and costs under Civil Code § 52.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants COUNTY OF PLACER, DEPUTY SEMENUK,

DEPUTY KIMBALL, and DOES 1–10, as follows:

1. For compensatory damages according to proof at trial;
2. For general damages in an amount to be proven at trial;
3. For special damages according to proof, including past and future medical expenses;
4. For statutory damages as permitted by law;
5. For punitive damages against the individual Defendants in an amount to be proven at trial;
6. For reasonable attorneys' fees, including litigation expenses, pursuant to 42 U.S.C. § 1988 and applicable state law;
7. For costs of suit and interest incurred herein; and
8. For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: June 2, 2025         **LAW OFFICES OF DALE K. GALIPO**

By:  /s/   Dale K. Galipo
     Dale K. Galipo
     Cooper Alison-Mayne
     *Attorneys for Plaintiff Evgeniy Gubanov*

## DEMAND FOR JURY TRIAL

Plaintiff hereby submits this demand that this action be tried in front of a jury. on

Dated: June 2, 2025         **LAW OFFICES OF DALE K. GALIPO**

By:   /s/   *Dale K. Galipo*
        Dale K. Galipo
        Cooper Alison-Mayne
        *Attorneys for Plaintiff* Evgeniy Gubanov