**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Cruz Rocha, SBN 279293
crocha@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COUNTY OF PLACER
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENIY GUBANOV, | CASE NO. 2:25-cv-01537-CSK |
| Plaintiff, | **COUNTY OF PLACER'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| COUNTY OF PLACER, DEPUTY STANISLAV SEMENUK; DEPUTY DUSTIN KIMBALL; and DOES 1-10, | Complaint Filed: 06/02/2025 |
| Defendants. | |

Defendant COUNTY OF PLACER ("Defendant") denies any allegation of the Complaint not specifically admitted herein. Defendant answers the Complaint of Plaintiff EVGENIY GUBANOV ("Plaintiff") on file in this action as follows:

**INTRODUCTION**

1. Answering paragraph 1, Defendant contends that this paragraph contains conclusions and arguments, and not averments of fact to which a response is required. Further, Defendant currently has insufficient information to admit or deny any allegations and, on that basis, the allegations contained in this paragraph are denied.

**THE PARTIES**

2. Answering paragraph 2, Defendant admits that Plaintiff is currently incarcerated in Placer County.

3. Answering paragraph 3, admit.

4. Answering paragraph 4, admit that Placer County Sheriff's Office is a department of Defendant.

5. Answering paragraph 5, admit that SEMENUK and KIMBALL were deputies employed by the Placer County Sheriff's Office. Answering the remaining allegations, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in this paragraph.

6. Answering paragraph 6, admit.

7. Answering paragraph 7, Defendant admits that Plaintiff filed a claim on December 10, 2024. Answering the remaining allegations, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in this paragraph.

**JURISDICTION AND VENUE**

8. Answering paragraphs 8 through 9, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required. However, Defendant admits jurisdiction and venue are appropriate.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. Answering paragraphs 10 through 18, Defendant admits that Plaintiff was forced to exit his vehicle after a lengthy vehicle pursuit in which Plaintiff attempted to evade law enforcement officers in marked vehicles, nearly hit a stroller containing a small child, and violated multiple traffic laws while driving his vehicle at unsafe speeds with a wanton disregard for public safety. This was not the first time Plaintiff attempted to evade law enforcement in or around the time of the incident. Defendants also admit that Plaintiff attempted to hide from deputies and flee on foot at which time SEMENUK released

his K9 partner to stop Plaintiff. Plaintiff did not stop until the dog was already released and brushed past Plaintiff. Plaintiff only stopped because the dog was upon him. Defendant admits that deputies took Plaintiff to the ground and used appropriate force to restrain Plaintiff because he was resisting arrest. Answering the remaining allegations, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Against SEMENUK, KIMBALL, and DOES 1–10)

10. Answer paragraphs 19 through 29, Defendant contends those allegations are not directed at defendant and, as such, a response is not required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## SECOND CLAIM FOR RELIEF

### Municipal Liability –

### Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

(Against COUNTY)

11. Answering paragraph 30, Defendant incorporates by reference all responses to all preceding paragraphs as if fully set forth herein.

12. Answer paragraphs 31 through 40, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## THIRD CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(Against COUNTY)

13. Answering paragraph 41, Defendant incorporates by reference all responses to all preceding paragraphs as if fully set forth herein.

14. Answer paragraphs 42 through 48, Defendant contends that the remaining allegations are

conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against COUNTY)

15. Answering paragraph 49, Defendant incorporates by reference all responses to all preceding paragraphs as if fully set forth herein.

16. Answer paragraphs 50 through 57, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Against all Defendants)

17. Answering paragraph 58, Defendant incorporates by reference all responses to all preceding paragraphs as if fully set forth herein.

18. Answer paragraphs 59 through 64, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against all Defendants)

19. Answering paragraph 65, Defendant incorporates by reference all responses to all preceding paragraphs as if fully set forth herein.

20. Answer paragraphs 66 through 73, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response

is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(Against all Defendants)

21. Answering paragraph 74, Defendant incorporates by reference all responses to all preceding paragraphs as if fully set forth herein.

22. Answer paragraphs 75 through 83, Defendant contends that the remaining allegations are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies all remaining allegations contained in these paragraphs.

## AFFIRMATIVE DEFENSES

As separate and independent affirmative defenses to the Complaint on file herein Defendant allege as follows:

### FIRST AFFIRMATIVE DEFENSE

At all times mentioned in the Complaint, all individual Defendants were acting in good faith and are entitled to qualified immunity. There is no clearly established law that would have put a reasonable government employee on notice that his or her conduct, as alleged in the Complaint, was unconstitutional.

### SECOND AFFIRMATIVE DEFENSE

As to the state law claims, Plaintiff was negligent or otherwise responsible for his injuries. He committed multiple violations under the California Penal Code and Vehicle Code (including but not limited to Cal. Veh. Code section 2800 *et seq.*), attempted to evade law enforcement, failed to follow the directions of the deputies, and unreasonably resisted arrest.

### THIRD AFFIRMATIVE DEFENSE

As to each state law claim for relief, Defendant alleges, based on information and belief, that all acts and omissions alleged in the operative Complaint fall within the immunities and defenses set forth in the provisions of the California Government Code sections 815, 818, 820, 820.2, 820.4, 820.8, and

845.8. Defendant cannot be directly liable for negligence. Further, the individual deputies acted with due care and reasonable diligence in the discharge of their duties.

### FOURTH AFFIRMATIVE DEFENSE

The facts alleged in the First Amended Complaint at most constitute an isolated act of alleged unlawful behavior which does not constitute an unconstitutional municipal policy, pattern, or practice under the doctrine of law announced in *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and other applicable statutory and judicial authorities. These answering Defendants contend they maintained reasonable and appropriate policies, practices, and customs.

### FIFTH AFFIRMATIVE DEFENSE

As to the state law claims, these actions are barred in, under, and by virtue of the applicable limitation periods including, but not limited to, those set forth in Government Code section 910, *et seq*.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff had a duty to exercise due care but failed to do so by his conduct, including but not limited to, attempting to evade law enforcement, failing to comply with lawful orders, and/or resisting arrest from employees of Defendant and, based thereon, Defendant alleges that Plaintiff was himself guilty of comparative negligence or fault due to his failures.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant and/or any employee of Defendant was, at all times relevant to the Complaint, acting in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is a public entity or is employed by a public entity which, in the event of a Plaintiff's verdict, reserves their right to pay said judgment in periodic payments pursuant to the Government Claims Act, Government Code sections 984(d) and 985(d).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant and/or its employees exercised due care and reasonable diligence in the course of their conduct.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant herein, Defendant and/or its employees lacked the specific intent necessary to support a cause of action against Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant, through its employees, acted in good faith and with a reasonable belief that the actions were lawful, and further did not directly or indirectly perform any acts whatsoever which could constitute a breach of duty owed to Plaintiff, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

The conduct of Defendant and/or its employees was reasonable, foreseeable, and proportionate in light of Plaintiff's actions.

### FIFTEENTH AFFIRMATIVE DEFENSE

The acts of Defendant and its employes were lawful and proper, and in all respects were reasonable and legal.

### SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to FRCP Rule 11, all possible Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Defendant's Answer and, therefore, Defendant reserves the right to amend its Answer to allege additional Affirmative Defenses as subsequent investigation warrants.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's action be dismissed;
2. That Plaintiff take nothing by way of his Complaint;
3. That Defendant be awarded its costs of suit, including attorney fees; and,
4. For such other relief as the Court deems proper.

Dated: August 4, 2025

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/Carl L. Fessenden
Carl L. Fessenden
Cruz Rocha
Attorneys for Defendants COUNTY OF PLACER

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 4, 2025

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/Carl L. Fessenden
Carl L. Fessenden
Cruz Rocha
Attorneys for Defendants COUNTY OF PLACER