**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Cruz Rocha, SBN 279293
crocha@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COUNTY OF PLACER
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENIY GUBANOV, | CASE NO. 2:25-CV-01537-TLN-CSK |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | Complaint Filed: 12/07/2023 |
| COUNTY OF PLACER; STANISLAV SEMENUK, BUSTIN KIMBAL; and DOES 1-10, | |
| Defendants. | |

The Parties — EVGENIY GUBANOV (hereinafter, "Plaintiff"), COUNTY OF PLACER (hereinafter, "County"), and Defendant Deputies STANISLAV SEMENUK and DUSTIN KIMBALL (collectively, "Deputies") — submit the following Joint Status Report, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 240(b) following met and confer of the Parties.

**(a) Nature of the Case**

Generally, this action arises from the use of force (including deployment of a K9) on the Plaintiff following a vehicle pursuit.

On June 2, 2025, Plaintiff initiated this action by filing the currently-operative Complaint against the County and Deputies. ECF 1. Therein, Plaintiff alleges various federal and state law claims against Defendants and "Doe" deputies, including: (1) Fourth Amendment: Excessive Force (§1983); (2) Monell Liability: Custom, Practice, or Policy (§1983); (3) Monell Liability: Failure to Train (§1983); (4) Monell Liability: Ratification (§1983); (5) Battery; (6) Negligence (Cal. Gov. Gode §820 and common law); and, (7) Violation of the Bane Act (Cal. Civil §52.1)

On August 4, 2025, the County filed an Answer to the Complaint (ECF 8), wherein the County denies it is liable to Plaintiff for any of the claims asserted in the Complaint and asserts affirmative defenses.

On August 4, 2025, Plaintiff stipulated extending the time for the Deputies to file a responsive pleading until August 25, 2024. ECF 11.

This case is not yet at issue.

On August 14, 2025, the Court issued the Initial Pretrial Scheduling Order. ECF 15.

**(b) Status of Service of Process**

All currently named parties have been served. The County has appeared and filed an Answer. ECF 8. The defendant Deputies have until August 25, 2025, to file an answer. ECF 11.

**(c) Contemplated Joinder of Additional Parties**

Plaintiff has not yet ascertained the identities of all deputies involved and may need to amend to add more named defendants once names and roles are confirmed through initial disclosures and early discovery. The parties agreed to exchange documents on September 25, 2025; Plaintiff anticipates being able to amend by October 25, 2025.

**(d) Contemplated Amendments to the Pleadings**

See section (c), above.

**(e) Jurisdiction and Venue**

This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C

§1367 to hear and decide claims arising under state law.

Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein allegedly occurred in the Eastern District of California.

**(f) Scheduling and Discovery Plan**

**(1) Changes to Timing, Form, or Requirements for Disclosures**

Scheduling and cut-off dates are provided in the Court's Initial Pretrial Scheduling Order. ECF 15. The parties stipulate to modify the Initial Pretrial Scheduling Order as follows:

September 25, 2025        Rule 26 initial disclosures

**(g) Anticipated Motions and the Scheduling of Motions**

The Parties anticipate filing motions for summary judgment / summary adjudication pursuant to the Court's Initial Pretrial Scheduling Order.

**(h) Special Procedures**

The parties do not anticipate the need for employment of special procedures.

**(j) Estimated Length of Trial**

The parties currently anticipate a 5 to 7-day jury trial.

**(l) Proposed Modification of Standard Pretrial Proceedings**

The parties do not anticipate the need for changes or limitations to the generally applicable Federal Rules of Civil Procedure.

**(m) Statement of Related Cases**

The parties are not aware of any related cases.

**(n) Settlement Conference**

The parties will contact the Court for permission to schedule a settlement conference, if it is mutually determined to be appropriate.

**(o) Other Matters**

The parties are currently unaware of any other matter which needs to be addressed.

///

Dated:  August 21, 2025

**PORTER SCOTT**
A PROFESSIONAL CORPORATION

By  /s/Cruz Rocha
    Carl L. Fessenden
    Cruz Rocha
    Attorneys for Defendant COUNTY OF PLACER

Dated:  August 21, 2025

**ANGELO, KILDAY & KILDUFF, LLP**

By  /s/Kevin J. Dehoff (*Authorized 8/21/25*)
    Kevin J. Dehoff
    Attorney for Defendant Deputies

Dated:  August 21, 2025

**LAW OFFICE OF DALE GALIPO**

By /s/Cooper Alison-Mayne (*Authorized 8/21/25*)
    Dale K. Galipo
    Cooper Alison-Mayne
    Attorneys for Plaintiff